### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| KEITH S. ROBINSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: 1-21-cv-1130 |
| ATLANTIC CAPITAL BANK; | ) | |
| OPPORTUNITY FINANCIAL, LLC; | ) | Hon. Robert M. Dow, Jr. |
| TURNER ACCEPTANCE CORP.; | ) | |
| EXPERIAN INFORMATION SOLUTION, | ) | Magistrate Judge Maria Valdez |
| INC.; EQUIFAX INFORMATION SERVICES, | ) | |
| LLC; and TRANS UNION, LLC | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWER TO COMPLAINT AT LAW BY TURNER ACCEPTANCE CORP.

Defendant, TURNER ACCEPTANCE CORP. ("TAC") by its attorneys, SAUL EWING ARNSTEIN & LEHR LLP., answers the Complaint at Law of Plaintiff, KEITH S. ROBINSON, as follows:

### NATURE OF THE ACTION

1.     Plaintiff brings this action seeking redress for violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 et seq. and defamation.

**ANSWER:**     TAC admits that Plaintiff is bringing this action to purportedly redress violations under the FCRA and defamation but denies that it violated the FCRA or defamed Plaintiff.

### JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337.

**ANSWER:**     Admitted.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) because all of the events or omissions giving rise to the claims occurred within this judicial district.

**ANSWER:**    Admitted.

## PARTIES

4.      Plaintiff is a natural person over 18-years-of-age that resides in Chicago, Illinois.

**ANSWER:**    TAC lacks sufficient knowledge to admit or deny the allegations in paragraph 4.

5.      Defendant Atlantic Capital Bank ("ACB") is a commercial bank that serves middle market and emerging growth companies, private banking clients, and top-tier real estate developers. ACB maintains its principal place of business in Atlanta. Georgia.

**ANSWER:**    TAC lacks sufficient knowledge to admit or deny the allegations in Paragraph 5.

6.      Defendant Opportunity Financial, LLC ("OppLoans") is an online lending institution that specializes in personal loans to high-risk borrowers. OppLoans touts itself as a "leading financial technology platform focused on helping middle income, credit-challenged consumers build a better financial path." OppLoans maintains its principal place of business in Chicago, Illinois.

**ANSWER:**    TAC lacks sufficient knowledge to admit or deny the allegations in Paragraph 6.

7.      Defendant Turner Acceptance Corp. ("TAC") is a finance company that specializes in personal and automobile loans to high-risk borrowers. TAC maintains its principal place of business in Chicago, Illinois.

38377819.1

**ANSWER:** TAC admits that its principal place of business is in Chicago, Illinois and that it provides direct personal installment loans and automobile purchase financing to consumers. It denies the remaining allegations of Paragraph 7.

8. Defendant Experian Information Solutions, Inc. ("Experian") is a prominent credit reporting agency. Experian maintains its principal place of business in Costa Mesa, California.

**ANSWER:** TAC lacks sufficient knowledge to admit or deny the allegations in Paragraph 8.

9. Defendant Equifax Information Services, LLC ("Equifax") is a prominent credit reporting agency. Equifax maintains its principal place of business in Atlanta, Georgia.

**ANSWER:** TAC lacks sufficient knowledge to admit or deny the allegations in Paragraph 10.

10. Defendant Trans Union LLC ("Trans Union") is a prominent credit reporting agency. Trans Union maintains its principal place of business in Chicago, Illinois.

**ANSWER:** TAC lacks sufficient knowledge to admit or deny the allegations in Paragraph 10.

## FACTUAL ALLEGATIONS

11. In 2014, an unknown offender stole Plaintiff's identity.

**ANSWER:** TAC lacks sufficient information to admit or deny the allegations in paragraph 11.

12. The unknown offender used Plaintiff's identity to obtain loans from ACB, OppLoans, and TAC.

**ANSWER:** TAC denies the allegations as they relate to TAC. TAC lacks sufficient information to admit or deny the remaining allegations in paragraph 12.

38377819.1

13.     In 2016, Plaintiff checked his credit reports and discovered unusual activity and inaccurate information on his credit reports, including: unauthorized credit inquires, unfamiliar addresses, unknown aliases associated with Plaintiff, and unknown employers associated with Plaintiff.

**ANSWER:**    TAC lacks sufficient information to admit or deny the allegations in paragraph 13.

14.     Moreover, Plaintiff discovered that his credit reports were reporting accounts that were not opened by or authorized by Plaintiff.

**ANSWER:**    TAC lacks sufficient information to admit or deny the allegations in paragraph 14.

15.     Specifically, Plaintiff's credit reports were reporting that Plaintiff has outstanding loans issued by ACB, OppLoans, and TAC.

**ANSWER:**    TAC admits that Plaintiff has an outstanding loan with TAC.  TAC lacks sufficient information to admit or deny the remaining allegations in paragraph 15.

16.     The ACB, OppLoans, and TAC accounts were reporting derogatorily on Plaintiff's credit reports and were significantly harming Plaintiff's credit score.

**ANSWER:**    TAC denies the allegations in paragraph 16 as they relate to TAC. TAC lacks sufficient information to admit or deny the remaining allegations in paragraph 16.

17.     At no point in time did Plaintiff obtain loans from ACB, OppLoans, and/or TAC

**ANSWER:**    TAC denies that Plaintiff did not obtain a loan from TAC.  TAC lacks sufficient information to admit or deny the remaining allegations in paragraph 17.

## Plaintiff's Credit Reporting Disputes (2016-September 2020)

18.    Concerned with the unusual activity and inaccurate information on his credit reports, Plaintiff took immediate action to remove the foreign information and accounts from his credit reports.

**ANSWER:**    TAC denies that the Plaintiff took such immediate action as to his debt to it.  TAC lacks sufficient information to admit or deny the remaining allegations in paragraph 18.

19.    Specifically, between 2016 and September 2020, Plaintiff submitted dozens of credit disputes to Experian, Equifax, and Trans Union (collectively, "the CRAs") challenging unauthorized credit inquiries and other inaccurate information on his credit reports, including the ACB, OppLoans, and TAC accounts.

**ANSWER:**    TAC admits that the Plaintiff submitted several credit disputes regarding his debt to it between October 2016 and November 2020 and that it validated his debt to it each time.  TAC lacks sufficient information to admit or deny the remaining allegations of paragraph 19.

20.    Plaintiff's disputes explained that (I) Plaintiff was an identity theft victim; (2) he did not open the ACB, OppLoans, and TAC accounts; and (3) he did not authorize certain credit inquiries.

**ANSWER:**    TAC admits that the plaintiff's credit disputes as to his debt to it asserted that information was inaccurate, that the account was closed, that he was an identity theft victim, and other matters.  TAC denies that anyone other than the plaintiff opened an account in his name with  it.  TAC lacks sufficient information to admit or deny the remaining allegations of paragraph 20.

21.     Upon information and belief, the CRAs transmitted Plaintiffs disputes to ACB, OppLoans, and TAC within five days of the CRAs' receipt of Plaintiff's disputes. See 15 U.S.C. §1681i(a)(2).

**ANSWER:**     TAC lacks sufficient information to admit or deny the allegations in paragraph 21.

22.     In response to Plaintiff's disputes, ACB, OppLoans, and TAC repeatedly "verified" that the accounts were opened by or authorized by Plaintiff.

**ANSWER:**     TAC admits that it verified the plaintiff's debt to it in response to each dispute the plaintiff made concerning his debt to it.  TAC lacks sufficient information to admit or deny the remaining allegations of paragraph 22.

23.     Accordingly, the ACB, OppLoans, and TAC accounts continued to report derogatorily on Plaintiff's Experian, Equifax, and Trans Union credit reports.

**ANSWER:**     TAC admits that it made no changes to the plaintiff's credit reporting in response to his disputes of his debt to it.  Further answering, TAC verified plaintiff's debt in response to each dispute the plaintiff made. TAC lacks sufficient information to admit or deny the remaining allegations of paragraph 23.

24.     Moreover, in response to Plaintiff's disputes, the CRAs declined to block the disputed accounts and inquiries and continued to report the same on Plaintiff's credit reports.

**ANSWER:**     TAC lacks sufficient information to admit or deny the allegations in paragraph 24.

25.     On October 9, 2020, Plaintiff filed an Identity Theft Report with the Federal Trade Commission ("FTC") averring, inter alia, that he was a victim of identity theft and that (1)

38377819.1

the ACB, OppLoans, and TAC accounts were opened without his authorization and (2) there were unauthorized credit inquiries on his credit reports.

**ANSWER:** TAC admits that the plaintiff filed an identity theft report with the FTC dated March 4, 2020 with respect to his debt to TAC. TAC lacks sufficient information to admit or deny the remaining allegations in paragraph 25.

### Plaintiff's October 2020 Disputes

26. On October 20, 2020, Plaintiff submitted disputes to the CRAs challenging the inaccurate information on his credit reports, including the ACB, OppLoans, and TAC accounts.

**ANSWER:** TAC lacks sufficient information to admit or deny the allegations in paragraph 26.

27. Plaintiff's disputes explained that he was an identity theft victim and requested that the CRAs remove inaccurate information from his credit reports, including the ACB, OppLoans, and TAC accounts.

**ANSWER:** TAC lacks sufficient information to admit or deny the allegations in paragraph 27.

28. Plaintiff's disputes further stated, in pertinent part:

I would like you to investigate the above accounts, forward a copy of my dispute and enclosures to the above listed creditors, and ask them to review and delete the errors they are currently reporting. I ask that you inform me if you choose not to forward my letters listed in the letter, as I will then take further action to protect myself.

**ANSWER:** TAC lacks sufficient information to admit or deny the allegations in paragraph 28.

38377819.1

29.     As part of his disputes to the CRAs, Plaintiff enclosed the FTC Identity Theft Report.

**ANSWER:**     TAC lacks sufficient information to admit or deny the allegations in paragraph 29.

30.     Upon information and belief, the CRAs transmitted Plaintiff's disputes to ACB, OppLoans, and TAC within five days of the CRAs' receipt of Plaintiff's disputes. See 15 U.S.C. §1681i(a)(2).

**ANSWER:**     TAC admits that it received a credit dispute concerning the plaintiff's debt to it dated November 5, 2020 asserting identity fraud and an account fraudulently opened.  TAC lacks sufficient information to admit or deny the remaining allegations in paragraph 30.

### The CRAs' Responses to Plaintiff's October 2020 Dispute

**a.     Equifax's Response**

31.     On October 29, 2020, Equifax responded to Plaintiff's dispute. Equifax's response stated that Equifax was "unable to locate a credit file in our database with the identification information [Plaintiff] provided."

**ANSWER:**     TAC lacks sufficient information to admit or deny the allegations in paragraph 31.

32.     Equifax' s response further stated "[p]lease be advised that Equifax, at this time and pursuant to Section 605B(c) of the Fair Credit Reporting Act, is not blocking the information subject to the submitted Identity Theft Report and/or Police Report you provided as part of your dispute."

**ANSWER:**     TAC lacks sufficient information to admit or deny the allegations in paragraph 32.

38377819.1

33.     Despite Plaintiff's dispute and corroborating evidence, Equifax did not remove the ACB, OppLoans, and TAC accounts from Plaintiff's Equifax credit report and continued reporting the disputed accounts as belonging to Plaintiff.

**ANSWER:**   TAC lacks sufficient information to admit or deny the allegations in paragraph 33.

**b.     Experian's Response**

34.     On November 4, 2020, Experian responded to Plaintiff's dispute. Experian's response stated, in pertinent part:

Based on our review of your request and the information available to us, we have determined that either:

- your request to block was made in error

- or, your request to block information was based on a material misrepresentation

- or, you knowingly obtained or should have known that you obtained possession of goods, services, or moneys as a result of one or more of the transactions that you are seeking to block.

Therefore, we are declining your request to block one or more of the items of information. If you have additional information that indicates that the disputed item(s) resulted from identity theft, please contact us again and provide this information.

**ANSWER:**   TAC lacks sufficient information to admit or deny the allegations in paragraph 34.

35.     In response to Plaintiff's dispute, Experian did not remove the ACB, OppLoans, and TAC accounts from Plaintiff's Experian credit report and continued reporting the disputed accounts as belonging to Plaintiff.

**ANSWER:**    TAC lacks sufficient information to admit or deny the allegations in paragraph 35.

**c.      Trans Union's Response**

36.     On November 3, 2020, Trans Union responded to Plaintiff's dispute. Trans Union's response stated, in pertinent part:

> We received the identity theft block request you recently sent to TransUnion. TransUnion takes cases of identity theft very seriously and investigates all such allegations thoroughly. However, TransUnion at this time declines to block the information you have identified for on more of the following reasons:
>
> -In accordance with Section 605B of the FCRA, we have determined that your request has either a) been made in error; b) is a misrepresentation of material fact relevant to the request to block and/or c) you have obtained possession of goods, services or money as a result of the transaction at issue.

**ANSWER:**    TAC lacks sufficient information to admit or deny the allegations in paragraph 36.

37.     In response to Plaintiff's dispute, Trans Union did not remove the ACB, OppLoans, and TAC accounts from Plaintiff's Trans Union credit report and continued reporting the disputed accounts as belonging to Plaintiff.

**ANSWER:**    TAC lacks sufficient information to admit or deny the allegations in paragraph 37.

## **DAMAGES**

38.     Plaintiff has worked hard to build and maintain a good credit history.

**ANSWER:**    TAC lacks sufficient information to admit or deny the allegations in paragraph 38.

39.     With the exception of the ACB, OppLoans, and TAC accounts, Plaintiff does not have any other derogatory accounts on his credit report.

**ANSWER:**     TAC lacks sufficient information to admit or deny the allegations in paragraph 39.

40.     The inaccurate reporting of the fraudulent accounts and inquires have devastated Plaintiff's credit score, which is currently in the 500s.

**ANSWER:**    TAC denies the allegations in paragraph 40.

41.     The inaccurate reporting of the fraudulent accounts has destroyed Plaintiff's creditworthiness because it creates the false impression that Plaintiff is in default on the fraudulent accounts, thus rendering Plaintiff a high-risk consumer and impeding his ability to obtain credit.

**ANSWER:**    TAC denies the allegations in paragraph 41.

42.     Moreover, the fraudulent inquiries are "hard inquiries" which decrease a consumer's credit worthiness.

**ANSWER:**    TAC denies the allegations in paragraph 42.

43.     Defendants' reckless inaccurate reporting of the fraudulent accounts and inquiries has frustrated Plaintiff's ability to control his credit score and his ability to benefit from the credit history he has built over the years.

**ANSWER:**    TAC denies the allegations in paragraph 43.

11

44.     Moreover, the inaccurate reporting of the fraudulent accounts has impaired Plaintiff's employment prospects as employers customarily run credit checks as part of the hiring process.

**ANSWER:**     TAC denies the allegations in paragraph 44.

45.     As a result of Defendants' conduct, Plaintiff has suffered significant damages, including: at least ten (10) credit denials, the loss of credit opportunity, increased cost of credit, humiliation, loss of time disputing the inaccurate reporting, time expended monitoring his credit files and sending credit disputes (hundreds of hours), mental anguish, emotional distress, lack of sleep, and anxiety.

**ANSWER:**     TAC denies the allegations in paragraph 45.

46.     Moreover, Defendants' conduct has resulted in monetary damages (approximately $3,000), including the costs of mailing disputes, purchasing credit reports, and subscribing to credit monitoring services.

**ANSWER:**     TAC denies the allegations in paragraph 46.

47.     Plaintiff did not file this action as knee-jerk reaction to a perceived harm, Plaintiff's financial health has been devastated for nearly five years as a result of Defendant's collective reckless conduct.

**ANSWER:**     TAC denies the allegations in paragraph 47.

48.     Plaintiff has literally exhausted all efforts short of judicial action to compel Defendants to remove the fraudulent accounts and inquiries from his credit reports.

**ANSWER:**     TAC denies the allegations in paragraph 48.

38377819.1

49.     Due to Defendants' repeated refusal to remove the fraudulent accounts and inquiries from Plaintiff's credit reports, Plaintiff was forced to initiate the instant action to compel the same.

**ANSWER:**     TAC denies the allegations in paragraph 49.

## COUNT I- VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (Against ACB)

50.     Plaintiff restates and re-alleges all preceding paragraphs as fully set forth herein.

**ANSWER:**     TAC restates and realleges its Answers to the preceding paragraphs as fully set forth herein.

51.     Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

**ANSWER:**     Count I is not directed at TAC and therefore no answer is required.

52.     Plaintiff is a "person" as defined by 15 U.S.C. §1681a(b).

**ANSWER:**     Count I is not directed at TAC and therefore no answer is required.

53.     ACB is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §168la(t).

**ANSWER**:  Count I is not directed at TAC and therefore no answer is required.

54.     At all times relevant, the above-mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

**ANSWER:**     Count I is not directed at TAC and therefore no answer is required.

55.     ACB violated 15 U.S.C. §1681s-2(b)(l)(A) by failing to conduct a reasonable investigation into each of Plaintiff's disputes relating to the ACB account that was fraudulently opened in Plaintiff's name.

**ANSWER:**     Count I is not directed at TAC and therefore no answer is required.

38377819.1

56.     ACB violated 15 U.S.C. §168ls-2(b)(l)(B) by failing to review all relevant information provided by the CRAs pursuant to 15 U.S.C. §168li(a)(2).

**ANSWER:**     Count I is not directed at TAC and therefore no answer is required.

57.     Had ACB reviewed the information provided by Plaintiff and the CRAs, it would have discovered that Plaintiff was a victim of identity theft and that he did not open the ACB account that it was reporting on Plaintiff's credit reports. Instead, ACB repeatedly confirmed the accuracy of its inaccurate reporting of the ACB account without conducting a reasonable investigation into any of Plaintiff's disputes.

**ANSWER:**     Count I is not directed at TAC and therefore no answer is required.

58.     ACB violated 15 U.S.C. §1681s-2(b)(l)(C) by failing to report to the CRAs complete results of its investigations of Plaintiff's disputes.

**ANSWER:**     Count I is not directed at TAC and therefore no answer is required.

59.     ACB violated 15 U.S.C. §1681s-2(b)(l)(D) by failing to report the results of its investigations into Plaintiff's disputes to the CRAs.

**ANSWER:**     Count I is not directed at TAC and therefore no answer is required.

60.     ACB violated 15 U.S.C. §168ls-2(b)(l)(E) by failing to modify, delete, or permanently block the inaccurate information it was reporting to the CRAs pertaining to the ACB account that was fraudulently opened in Plaintiff's name.

**ANSWER:**     Count I is not directed at TAC and therefore no answer is required.

61.     ACB violated 15 U.S.C. §1681s-2(a)(6)(B) by failing to maintain reasonable procedures to respond to identity theft disputes in a manner that prevents the CRAs from refurnishing the disputed information.

**ANSWER:**     Count I is not directed at TAC and therefore no answer is required.

38377819.1

62.     ACB violated 15 U.S.C. §168ls-2(a)(6)(B) by continuing to furnish the disputed information to the CRAs after it received notice that Plaintiff was a victim of identity theft.

**ANSWER:**     Count I is not directed at TAC and therefore no answer is required.

63.     ACB violated 15 U.S.C. §1681s-2(a)(3) by failing to report the ACB account as disputed by Plaintiff.

**ANSWER:**     Count I is not directed at TAC and therefore no answer is required.

64.     Any reasonable investigation by ACB would have confirmed the veracity of Plaintiff's disputes, yet ACB's erroneous credit reporting of the ACB account persists in Plaintiff's credit reports.

**ANSWER:**     Count I is not directed at TAC and therefore no answer is required.

65.     Had ACB taken any meaningful action to investigate Plaintiff's valid disputes, it would have permanently corrected its erroneous credit reporting. Plaintiff provided supporting evidence in his disputes, yet ACB repeatedly ignored the supporting evidence and continued its erroneous reporting of the fraudulent ACB account.

**ANSWER:**     Count I is not directed at TAC and therefore no answer is required.

66.     By deviating from the standards established by the credit industry and the FCRA, ACB acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to the CRAs.

**ANSWER:**     Count I is not directed at TAC and therefore no answer is required.

67.     ACB has exhibited a pattern of refusing to correct credit reporting errors despite being on notice that the its false credit reporting is wreaking havoc on consumers' credit scores, ultimately valuing its own convenience above its grave responsibility to report accurate data to the credit reporting agencies.

**ANSWER:** Count I is not directed at TAC and therefore no answer is required.

68. As set forth above, Plaintiff was significantly harmed by ACB's repeated inaccurate credit reporting of the fraudulent ACB account.

**ANSWER:** Count I is not directed at TAC and therefore no answer is required.

## COUNT II-   VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (Against OppLoans)

69. Plaintiff restates and re-alleges all preceding paragraphs as fully set forth herein.

**ANSWER:** TAC restates and realleges its Answers to the preceding paragraphs as fully set forth herein.

70. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

**ANSWER:** Count II is not directed at TAC and therefore no answer is required.

71. Plaintiff is a "person" as defined by 15 U.S.C. §168la(b).

**ANSWER:** Count II is not directed at TAC and therefore no answer is required.

72. OppLoans is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §168 la(t).

**ANSWER:** Count II is not directed at TAC and therefore no answer is required.

73. At all times relevant, the above-mentioned credit reports were "consumer reports" as the tennis defined by §1681a(d)( l).

**ANSWER:** Count II is not directed at TAC and therefore no answer is required.

74. OppLoans violated 15 U.S.C. §1681s-2(b)(I)(A) by failing to conduct a reasonable investigation into each of Plaintiff's disputes relating to the OppLoans account that was fraudulently opened in Plaintiff's name.

**ANSWER:** Count II is not directed at TAC and therefore no answer is required.

38377819.1

75.     OppLoans violated 15 U.S.C. §1681s-2(b)(l)(B) by failing to review all relevant information provided by the CRAs pursuant to 15 U.S.C. §1681i(a)(2).

**ANSWER:**     Count II is not directed at TAC and therefore no answer is required.

76.     Had OppLoans reviewed the information provided by Plaintiff and the CRAs, it would have discovered that Plaintiff was a victim of identity theft and that he did not open the OppLoans account that it was reporting on Plaintiff's credit reports. Instead, OppLoans repeatedly confirmed the accuracy of its inaccurate reporting of the ACB account without conducting a reasonable investigation into any of Plaintiff's disputes.

**ANSWER:**     Count II is not directed at TAC and therefore no answer is required.

77.     OppLoans violated 15 U.S.C. §1681s-2(b)(l)(C) by failing to report to the CRAs complete results of its investigations of Plaintiff's disputes.

**ANSWER:**     Count II is not directed at TAC and therefore no answer is required.

78.     OppLoans violated 15 U.S.C. §1681s-2(b)(l)(D) by failing to report the results of its investigations into Plaintiff's disputes to the CRAs.

**ANSWER:**     Count II is not directed at TAC and therefore no answer is required.

79.     OppLoans violated 15 U.S.C. §168ls-2(b)(l)(E) by failing to modify, delete, or permanently block the inaccurate information it was reporting to the CRAs pertaining to the ACB account that was fraudulently opened in Plaintiff's name.

**ANSWER:**     Count II is not directed at TAC and therefore no answer is required.

80.     OppLoans violated 15 U.S.C. §1681s-2(a)(6)(B) by failing to maintain reasonable procedures to respond to identity theft disputes in a manner that prevents the CRAs from refurnishing the disputed information.

**ANSWER:**     Count II is not directed at TAC and therefore no answer is required.

81.     OppLoans violated 15 U.S.C. §168ls-2(a)(6)(B) by continuing to furnish the disputed information to the CRAs after it received notice that Plaintiff was a victim of identity theft.

**ANSWER:**     Count II is not directed at TAC and therefore no answer is required.

82.     OppLoans violated 15 U.S.C. §168ls-2(a)(3) by failing to report the OppLoans account as disputed by Plaintiff.

**ANSWER:**     Count II is not directed at TAC and therefore no answer is required.

83.     Any reasonable investigation by OppLoans would have confined the veracity of Plaintiff's disputes, yet OppLoans' erroneous credit reporting of the OppLoan account persists in Plaintiff's credit reports.

**ANSWER:**     Count II is not directed at TAC and therefore no answer is required.

84.     Had OppLoans taken any meaningful action to investigate Plaintiff's valid disputes, it would have permanently corrected its erroneous credit reporting. Plaintiff provided supporting evidence in his disputes, yet OppLoans repeatedly ignored the supporting evidence and continued its erroneous reporting of the fraudulent OppLoans account.

**ANSWER:**     Count II is not directed at TAC and therefore no answer is required.

85.     By deviating from the standards established by the credit industry and the FCRA, OppLoans acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to the CRAs.

**ANSWER:**     Count II is not directed at TAC and therefore no answer is required.

86.     OppLoans has exhibited a pattern of refusing to correct credit reporting errors despite being on notice that the its false credit reporting is wreaking havoc on consumers' credit

scores, ultimately valuing its own convenience above its grave responsibility to report accurate data to the credit reporting agencies.

**ANSWER:**     Count II is not directed at TAC and therefore no answer is required.

87.     As set forth above, Plaintiff was significantly harmed by OppLoans' repeated inaccurate credit reporting of the fraudulent OppLoans account.

**ANSWER:**     Count II is not directed at TAC and therefore no answer is required.

## COUNT IIl- VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (Against TAC)

88.     Plaintiff restates and re-alleges all preceding paragraphs as fully set forth herein.

**ANSWER:**     TAC restates and realleges its Answers to the preceding paragraphs as fully set forth herein.

89.     Plaintiff is a "consumer" as defined by 15 U.S.C. §§168la(b) and (c).

**ANSWER:**     Admitted.

90.     Plaintiff is a "person" as defined by 15 U.S.C. §1681a(b).

**ANSWER:**     Admitted.

91.     TAC is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

**ANSWER:**     Admitted.

92.     At all times relevant. the above-mentioned credit reports were "consumer reports" as the tennis defined by §1681a(d)(l).

**ANSWER:**     Admitted.

93.    TAC violated 15 U.S.C. §1681s-2(b)(J)(A) by failing to conduct a reasonable investigation into each of Plaintiff's disputes relating to the TAC account that was fraudulently opened in Plaintiff's name.

**ANSWER:**    TAC denies the allegations in paragraph 93.

94.    TAC violated 15 U.S.C. §1681s-2(b)(l)(B) by failing to review all relevant information provided by the CRAs pursuant to 15 U.S.C. §1681i(a)(2).

**ANSWER:**    TAC denies the allegations in paragraph 94.

95.    Had TAC reviewed the information provided by Plaintiff and the CRAs, it would have discovered that Plaintiff was a victim of identity theft and that he did not open the TAC account that it was reporting on Plaintiff's credit reports. Instead, TAC repeatedly confined the accuracy of its inaccurate reporting of the TAC account without conducting a reasonable investigation into any of Plaintiff's disputes.

**ANSWER:**    TAC denies the allegations in paragraph 95.

96.    TAC violated 15 U.S.C. §1681s-2(b)(l)(C) by failing to report to the CRAs complete results of its investigations of Plaintiff's disputes.

**ANSWER:**    TAC denies the allegations in paragraph 96.

97.    TAC violated 15 U.S.C. §1681s-2(b)(l)(D) by failing to report the results of its investigations into Plaintiff's disputes to the CRAs.

**ANSWER:**    TAC denies the allegations in paragraph 97.

98.    TAC violated 15 U.S.C. §1681s-2(b)(l)(E) by failing to modify, delete, or permanently block the inaccurate information it was reporting to the CRAs pertaining to the TAC account that was fraudulently opened in Plaintiff's name.

**ANSWER:**    TAC denies the allegations in paragraph 98.

38377819.1

99.     TAC violated 15 U.S.C. §1681s-2(a)(6)(B) by failing to maintain reasonable procedures to respond to identity theft disputes in a manner that prevents the CRAs from refurnishing the disputed information.

**ANSWER:**     TAC denies the allegations in paragraph 99.

100.     TAC violated 15 U.S.C. §168l s-2(a)(6)(B) by continuing to furnish the disputed information to the CRAs after it received notice that Plaintiff was a victim of identity theft.

**ANSWER:**     TAC denies the allegations in paragraph 100.

101.     TAC violated 15 U.S.C. §1681 s-2(a)(3) by failing to report the TAC account as disputed by Plaintiff.

**ANSWER:**     TAC denies the allegations in paragraph 101.

102.     Any reasonable investigation by TAC would have confirmed the veracity of Plaintiff's disputes, yet TAC's erroneous credit reporting of the TAC account persists in Plaintiff's credit reports.

**ANSWER:**     TAC denies the allegations in paragraph 102.

103.     Had TAC taken any meaningful action to investigate Plaintiff's valid disputes, it would have permanently corrected its erroneous credit reporting. Plaintiff provided supporting evidence in his disputes, yet TAC repeatedly ignored the supporting evidence and continued its erroneous reporting of the fraudulent TAC account.

**ANSWER:**     TAC denies the allegations in paragraph 103.

104.     By deviating from the standards established by the credit industry and the FCRA, TAC acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to the CRAs.

**ANSWER:**     TAC denies the allegations in paragraph 104.

105.    TAC has exhibited a pattern of refusing to correct credit reporting errors despite being on notice that the its false credit reporting is wreaking havoc on consumers' credit scores, ultimately valuing its own convenience above its grave responsibility to report accurate data to the credit reporting agencies.

**ANSWER:**    TAC denies the allegations in paragraph 105.

106.    As set forth above, Plaintiff was significantly harmed by TAC's repeated inaccurate credit reporting of the fraudulent TAC account.

**ANSWER:**    TAC denies the allegations in paragraph 106.

## COUNT IV - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (Against Experian)

107.    Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

**ANSWER:**    TAC restates and realleges its Answers to the preceding paragraphs as fully set forth herein.

108.    Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

**ANSWER:**    Count IV is not directed at TAC and therefore no answer is required.

109.    Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

**ANSWER:**    Count IV is not directed at TAC and therefore no answer is required.

110.    At all times relevant, the above-mentioned credit reports were "consumer reports" as that term is defined by §168la(d).

**ANSWER:**    Count IV is not directed at TAC and therefore no answer is required.

111.    At all times relevant, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

**ANSWER:** Count IV is not directed at TAC and therefore no answer is required.

112. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b).

**ANSWER:** Count IV is not directed at TAC and therefore no answer is required.

113. The FCRA requires the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

**ANSWER:** Count IV is not directed at TAC and therefore no answer is required.

114. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the disputed information within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(l)(A).

**ANSWER:** Count IV is not directed at TAC and therefore no answer is required.

115. Plaintiff provided Experian with all relevant information and documentation in his disputes to support his contention that he was an identity theft victim and that the disputed accounts and inquiries were unauthorized.

**ANSWER:** Count IV is not directed at TAC and therefore no answer is required.

116. A cursory review of the evidence submitted by Plaintiff would have confirmed that the disputed accounts and inquiries were fraudulent and not authorized by Plaintiff.

**ANSWER:** Count IV is not directed at TAC and therefore no answer is required.

117.    Experian failed to conduct a meaningful investigation into Plaintiff's disputes.  Instead, it continued to blindly report the false information provided to it by ACB, OppLoans, and TAC.

**ANSWER:**    Count IV is not directed at TAC and therefore no answer is required.

118.    Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished concerning Plaintiff.

**ANSWER:**    Count IV is not directed at TAC and therefore no answer is required.

119.    Experian repeatedly distributed patently false and materially misleading consumer reports concerning Plaintiff to third parties.

**ANSWER:**    Count IV is not directed at TAC and therefore no answer is required.

120.    Experian failed to follow reasonable procedures to assure maximum possible accuracy by repeatedly ignoring the evidence provided by Plaintiff and blindly accepting erroneous information furnished to it by ACB, OppLoans, and TAC as accurate.

**ANSWER:**    Count IV is not directed at TAC and therefore no answer is required.

121.    Had Experian followed reasonable procedures to assure maximum possibly accuracy, it would have reviewed the disputes and evidence submitted by Plaintiff and promptly discovered that Plaintiff was an identity theft victim and that the disputed accounts and inquiries were fraudulent. Instead, Experian repeatedly accepted erroneous information as true and continued the reporting of the erroneous information pertaining to the disputed accounts and inquiries.

**ANSWER:**    Count IV is not directed at TAC and therefore no answer is required.

122.    Experian should have implemented procedures and safeguards to prevent the repeated reporting of fraudulent accounts and inquiries.

**ANSWER:**    Count IV is not directed at TAC and therefore no answer is required.

123.    Experian violated 15 U.S.C. §168li(a)(1) by failing to (1) conduct a reasonable investigation into each of Plaintiff's disputes and (2) delete the fraudulent accounts and inquiries from Plaintiff's credit files.

**ANSWER:**    Count IV is not directed at TAC and therefore no answer is required.

124.    Had Defendant conducted a reasonable investigation into Plaintiffs valid disputes, it would have promptly determined that the disputed accounts and inquiries were fraudulent.

**ANSWER:**    Count IV is not directed at TAC and therefore no answer is required.

125.    Experian took no meaningful action to determine whether the disputed accounts and inquiries were fraudulent and blindly reported the same with no regard to the accuracy of its reporting.

**ANSWER:**    Count IV is not directed at TAC and therefore no answer is required.

126.    At very minimum, Experian should have requested that ACB, OppLoans, and TAC provide proof that their reporting was accurate. Instead, Experian continued to recklessly report false and unreliable information regarding the fraudulent accounts and inquiries.

**ANSWER:**    Count IV is not directed at TAC and therefore no answer is required.

127.    Experian violated 15 U.S.C. §168li(a)(2) by failing to provide adequate notification of Plaintiff's disputes to ACB, OppLoans, and TAC. Upon information and belief, Experian may have failed to forward all relevant information provided by Plaintiff to ACB, OppLoans, and TAC.

**ANSWER:**    Count IV is not directed at TAC and therefore no answer is required.

38377819.1

128.    Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the fraudulent accounts and inquiries.

**ANSWER:**    Count IV is not directed at TAC and therefore no answer is required.

129.    Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the fraudulent accounts and inquires that were the subject of Plaintiff's disputes after Plaintiff submitted compelling evidence that the disputed accounts and inquiries were fraudulent.

**ANSWER:**    Count IV is not directed at TAC and therefore no answer is required.

130.    Experian violated 15 U.S.C. §1681c(f) by failing to notate that Plaintiff disputed the reporting of the fraudulent accounts and inquiries. Experian is required to notate each account that a consumer disputes as "disputed" in each consumer report that includes the disputed information.

**ANSWER:**    Count IV is not directed at TAC and therefore no answer is required.

131.    Experian violated 15 U.S.C. §168lc-2(a) by failing to block the information pertaining to the fraudulent accounts and inquiries within 4 days after Plaintiff notified Experian of the identity theft.

**ANSWER:**    Count IV is not directed at TAC and therefore no answer is required.

132.    Experian violated 15 U.S.C. §1681c-2(b) by failing to promptly notify ACB, OppLoans, and TAC that the disputed information may be a result of identity theft and that a block of the disputed information is mandated by 15 U.S.C. §1681c-2(a).

**ANSWER:**    Count IV is not directed at TAC and therefore no answer is required.

133. Experian violated 15 U.S.C. §1681c-2(c) by failing to promptly notify Plaintiff within the timeframe prescribed by 15 U.S.C. §168li(a)(S(B) that Experian has declined to block the disputed information.

**ANSWER:**    Count IV is not directed at TAC and therefore no answer is required.

134. Experian had actual knowledge that the erroneous reporting of the fraudulent accounts and inquiries would have a significant adverse effect on Plaintiff's credit worthiness and ability to obtain credit.

**ANSWER:**    Count IV is not directed at TAC and therefore no answer is required.

135. Despite having actual knowledge that Plaintiffs credit files contained erroneous information, Experian readily distributed Plaintiff's inaccurate and misleading credit reports to one or more third parties, thereby misrepresenting facts about Plaintiff and Plaintiff's creditworthiness.

**ANSWER:**    Count IV is not directed at TAC and therefore no answer is required.

136. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard of its duty to report accurate and complete consumer credit information.

**ANSWER:**    Count IV is not directed at TAC and therefore no answer is required.

137. It is Experian's regular business practice to blindly report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

**ANSWER:**    Count IV is not directed at TAC and therefore no answer is required.

138. Experian's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its mistreatment of Plaintiff.

**ANSWER:** Count IV is not directed at TAC and therefore no answer is required.

139. Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own convenience above its grave responsibility to report accurate consumer data.

**ANSWER:** Count IV is not directed at TAC and therefore no answer is required.

140. As stated above, Plaintiff was significantly harmed by Experian's conduct.

**ANSWER:** Count IV is not directed at TAC and therefore no answer is required.

## COUNT V- VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (Against Equifax)

141. Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

**ANSWER:** TAC restates and realleges its Answers to the preceding paragraphs as fully set forth herein.

142. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §168la(t).

**ANSWER:** Count V is not directed at TAC and therefore no answer is required.

143. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

**ANSWER:** Count V is not directed at TAC and therefore no answer is required.

144. At all times relevant, the above-mentioned credit reports were "consumer reports" as that term is defined by §168la(d).

**ANSWER:** Count V is not directed at TAC and therefore no answer is required.

38377819.1

145.    At all times relevant, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

**ANSWER:**    Count V is not directed at TAC and therefore no answer is required.

146.    The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

**ANSWER:**    Count V is not directed at TAC and therefore no answer is required.

147.    The FCRA requires the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

**ANSWER:**    Count V is not directed at TAC and therefore no answer is required.

148.    If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the disputed information within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

**ANSWER:**    Count V is not directed at TAC and therefore no answer is required.

149.    Plaintiff provided Equifax with all relevant information and documentation in his disputes to support his contention that he was an identity theft victim and that the disputed accounts and inquiries were unauthorized.

**ANSWER:**    Count V is not directed at TAC and therefore no answer is required.

150.    A cursory review of the evidence submitted by Plaintiff would have confirmed that the disputed accounts and inquiries were fraudulent and not authorized by Plaintiff.

**ANSWER:**     Count V is not directed at TAC and therefore no answer is required.

151.     Equifax failed to conduct any meaningful investigation into Plaintiff's disputes. Instead, it continued to blindly report the false information provided to it by ACB, OppLoans, and TAC.

**ANSWER:**     Count V is not directed at TAC and therefore no answer is required.

152.     Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished concerning Plaintiff.

**ANSWER:**     Count V is not directed at TAC and therefore no answer is required.

153.     Equifax repeatedly distributed patently false and materially misleading consumer reports concerning Plaintiff to third parties.

**ANSWER:**     Count V is not directed at TAC and therefore no answer is required.

154.     Equifax failed to follow reasonable procedures to assure maximum possible accuracy by repeatedly ignoring the evidence provided by Plaintiff and blindly accepting erroneous information furnished to it by ACB, OppLoans, and TAC as accurate.

**ANSWER:**     Count V is not directed at TAC and therefore no answer is required.

155.     Had Equifax followed reasonable procedures to assure maximum possibly accuracy, it would have reviewed the disputes and evidence submitted by Plaintiff and promptly discovered that Plaintiff was an identity theft victim and that the disputed accounts and inquiries were fraudulent. Instead, Equifax repeatedly accepted erroneous information as true and continued the reporting of the erroneous information pertaining to the disputed accounts and inquiries.

**ANSWER:**     Count V is not directed at TAC and therefore no answer is required.

156.   Equifax should have implemented procedures and safeguards to prevent the repeated reporting of fraudulent accounts and inquiries.

**ANSWER:**   Count V is not directed at TAC and therefore no answer is required.

157.   Equifax violated 15 U.S.C. §1681i(a)(l) by failing to (1) conduct a reasonable investigation into each of Plaintiff's disputes and (2) delete the fraudulent accounts and inquiries from Plaintiff's credit files.

**ANSWER:**   Count V is not directed at TAC and therefore no answer is required.

158.   Had Equifax conducted a reasonable investigation into Plaintiff's valid disputes, it would have promptly determined that the disputed accounts and inquiries were fraudulent.

**ANSWER:**   Count V is not directed at TAC and therefore no answer is required.

159.   Equifax took no meaningful action to determine whether the disputed accounts and inquiries were fraudulent and blindly reported the same with no regard to their accuracy.

**ANSWER:**   Count V is not directed at TAC and therefore no answer is required.

160.   At very minimum, Equifax should have requested that ACB, OppLoans, and TAC provide proof that their reporting was accurate. Instead, Experian continued to recklessly report false and unreliable information regarding the fraudulent accounts and inquiries.

**ANSWER:**   Count V is not directed at TAC and therefore no answer is required.

161.   Equifax violated 15 U.S.C. §168li(a)(2) by failing to provide adequate notification of Plaintiff's disputes to ACB, OppLoans, and TAC. Upon information and belief, Equifax may have failed to forward all relevant information provided by Plaintiff to ACB, OppLoans, and TAC.

**ANSWER:**   Count V is not directed at TAC and therefore no answer is required.

38377819.1

162.    Equifax violated 15 U.S.C. §168li(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the fraudulent accounts and inquiries.

**ANSWER:**    Count V is not directed at TAC and therefore no answer is required.

163.    Equifax violated 15 U.S.C. §168li(a)(5) by failing to delete or modify the fraudulent accounts and inquires that were the subject of Plaintiff's disputes after Plaintiff submitted compelling evidence that the disputed accounts and inquiries were fraudulent.

**ANSWER:**    Count V is not directed at TAC and therefore no answer is required.

164.    Equifax violated 15 U.S.C. §1681c(f) by failing to notate that Plaintiff disputed the reporting of the fraudulent accounts and inquiries. Equifax is required to notate each account that a consumer disputes as "disputed" in each consumer report that includes the disputed information.

**ANSWER:**    Count V is not directed at TAC and therefore no answer is required.

165.    Equifax violated 15 U.S.C. §1681c-2(a) by failing to block the information pertaining to the fraudulent accounts and inquiries within 4 days after Plaintiff notified Equifax of the identity theft.

**ANSWER:**    Count V is not directed at TAC and therefore no answer is required.

166.    Equifax violated 15 U.S.C. §168lc-2(b) by failing to promptly notify ACB, OppLoans, and TAC that the disputed information may be a result of identity theft and that a block of the disputed information is mandated by 15 U.S.C. §168lc-2(a).

**ANSWER:**    Count V is not directed at TAC and therefore no answer is required.

32

167.    Equifax violated 15 U.S.C. §168lc-2(c) by failing to promptly notify Plaintiff within the timeframe prescribed by 15 U.S.C. §1681i(a)(5)(B) that Equifax has declined to block the disputed information.

**ANSWER:**    Count V is not directed at TAC and therefore no answer is required.

168.    Equifax had actual knowledge that the erroneous reporting of the fraudulent accounts and inquiries would have a significant adverse effect on Plaintiff's credit worthiness and ability to obtain credit.

**ANSWER:**    Count V is not directed at TAC and therefore no answer is required.

169.    Despite having actual knowledge that Plaintiff's credit files contained erroneous information, Equifax readily distributed Plaintiff's inaccurate and misleading credit reports to one or more third parties, thereby misrepresenting facts about Plaintiff and Plaintiff's creditworthiness.

**ANSWER:**    Count V is not directed at TAC and therefore no answer is required.

170.    By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with a reckless disregard of its duty to report accurate and complete consumer credit information.

**ANSWER:**    Count V is not directed at TAC and therefore no answer is required.

171.    It is Equifax's regular business practice to blindly report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

**ANSWER:**    Count V is not directed at TAC and therefore no answer is required.

172.    Equifax's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its mistreatment of Plaintiff.

**ANSWER:**     Count V is not directed at TAC and therefore no answer is required.

173.     Equifax has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own convenience above its grave responsibility to report accurate consumer data.

**ANSWER:**     Count V is not directed at TAC and therefore no answer is required.

174.     As stated above, Plaintiff was significantly harmed by Equifax's conduct.

**ANSWER:**     Count V is not directed at TAC and therefore no answer is required.

## COUNT VI - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (Against Trans Union)

175.     Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

**ANSWER:**     TAC restates and realleges its Answers to the preceding paragraphs as fully set forth herein.

176.     Trans Union is a "'consumer reporting agency" as defined by 15 U.S.C. §168la(f).

**ANSWER:**     Count VI is not directed at TAC and therefore no answer is required.

177.     Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

**ANSWER:**     Count VI is not directed at TAC and therefore no answer is required.

178.     At all times relevant, the above-mentioned credit reports were "consumer reports" as that tennis defined by §1681a(d).

**ANSWER:**     Count VI is not directed at TAC and therefore no answer is required.

38377819.1

179.    At all times relevant, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

**ANSWER:**    Count VI is not directed at TAC and therefore no answer is required.

180.    The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

**ANSWER:**    Count VI is not directed at TAC and therefore no answer is required.

181.    The FCRA requires the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

**ANSWER:**    Count VI is not directed at TAC and therefore no answer is required.

182.    If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the disputed information within 30 days of receiving the dispute. 15 U.S.C. §168li(a)(l)(A).

**ANSWER:**    Count VI is not directed at TAC and therefore no answer is required.

183.    Plaintiff provided Trans Union with all relevant information and documentation in his disputes to support his contention that he was an identity theft victim and that the disputed accounts and inquiries were unauthorized.

**ANSWER:**    Count VI is not directed at TAC and therefore no answer is required.

184.    A cursory review of the evidence submitted by Plaintiff would have confirmed that the disputed accounts and inquiries were fraudulent and not authorized by Plaintiff.

**ANSWER:**    Count VI is not directed at TAC and therefore no answer is required.

185.     Trans Union failed to conduct a meaningful investigation into Plaintiff's disputes. Instead, it continued to blindly report the false information provided to it by ACB, OppLoans, and TAC.

**ANSWER:**     Count VI is not directed at TAC and therefore no answer is required.

186.     Trans Union violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished concerning Plaintiff.

**ANSWER:**     Count VI is not directed at TAC and therefore no answer is required.

187.     Trans Union repeatedly distributed patently false and materially misleading consumer reports concerning Plaintiff to third parties.

**ANSWER:**     Count VI is not directed at TAC and therefore no answer is required.

188.     Trans Union failed to follow reasonable procedures to assure maximum possible accuracy by repeatedly ignoring the evidence provided by Plaintiff and blindly accepting erroneous information furnished to it by ACB, OppLoans, and TAC as accurate.

**ANSWER:**     Count VI is not directed at TAC and therefore no answer is required.

189.     Had Trans Union followed reasonable procedures to assure maximum possibly accuracy, it would have reviewed the disputes and evidence submitted by Plaintiff and promptly discovered that Plaintiff was an identity theft victim and that the disputed accounts and inquiries were fraudulent. Instead, Trans Union repeatedly accepted erroneous information as true and continued the reporting of the erroneous information pertaining to the disputed accounts and inquiries.

**ANSWER:**     Count VI is not directed at TAC and therefore no answer is required.

190.    Trans Union should have implemented procedures and safeguards to prevent the repeated reporting of fraudulent accounts and inquiries.

**ANSWER:**    Count VI is not directed at TAC and therefore no answer is required.

191.    Trans Union violated 15 U.S.C. §1681i(a)(1) by failing to (1) conduct a reasonable investigation into each of Plaintiff's disputes and (2) delete the fraudulent accounts and inquiries from Plaintiff's credit files.

**ANSWER:**    Count VI is not directed at TAC and therefore no answer is required.

192.    Had Trans Union conducted a reasonable investigation into Plaintiff's valid disputes, it would have promptly determined that the disputed accounts and inquiries were fraudulent.

**ANSWER:**    Count VI is not directed at TAC and therefore no answer is required.

193.    Trans Union took no meaningful action to determine whether the disputed accounts and inquiries were fraudulent and blindly reported the same with no regard to their accuracy.

**ANSWER:**    Count VI is not directed at TAC and therefore no answer is required.

194.    At very minimum, Trans Union should have requested that ACB, OppLoans, and TAC provide proof that their reporting was accurate. Instead, Trans Union continued to recklessly report false and unreliable information regarding the fraudulent accounts and inquiries.

**ANSWER:**    Count VI is not directed at TAC and therefore no answer is required.

195.    Trans Union violated 15 U.S.C. §1681i(a)(2) by failing to provide adequate notification of Plaintiff's disputes to ACB, OppLoans, and TAC. Upon information and belief ,

Trans Union may have failed to forward all relevant information provided by Plaintiff to ACB, OppLoans, and TAC.

**ANSWER:** Count VI is not directed at TAC and therefore no answer is required.

196. Trans Union violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the fraudulent accounts and inquiries.

**ANSWER:** Count VI is not directed at TAC and therefore no answer is required.

197. Trans Union violated 15 U.S.C. §l681i(a)(5) by failing to delete or modify the fraudulent accounts and inquires that were the subject of Plaintiff's disputes after Plaintiff submitted compelling evidence that the disputed accounts and inquiries were fraudulent.

**ANSWER:** Count VI is not directed at TAC and therefore no answer is required.

198. Trans Union violated 15 U.S.C. §1681c(t) by failing to notate that Plaintiff disputed the reporting of the fraudulent accounts and inquiries. Trans Union is required to notate each account that a consumer disputes as "disputed" in each consumer report that includes the disputed information.

**ANSWER:** Count VI is not directed at TAC and therefore no answer is required.

199. Trans Union violated 15 U.S.C. §168lc-2(a) by failing to block the information pertaining to the fraudulent accounts and inquiries within 4 days after Plaintiff notified Trans Union of the identity theft.

**ANSWER:** Count VI is not directed at TAC and therefore no answer is required.

200. Trans Union violated 15 U.S.C. §168lc-2(b) by failing to promptly notify ACB, OppLoans, and TAC that the disputed information may be a result of identity theft and that a block of the disputed information is mandated by 15 U.S.C. §1681c-2(a).

**ANSWER:** Count VI is not directed at TAC and therefore no answer is required.

201. Trans Union violated 15 U.S.C. §168lc-2(c) by failing to promptly notify Plaintiff within the timeframe prescribed by 15 U.S.C. §1681i(a)(5)(B) that Trans Union has declined to block the disputed information.

**ANSWER:** Count VI is not directed at TAC and therefore no answer is required.

202. Trans Union had actual knowledge that the erroneous reporting of the fraudulent accounts and inquiries would have a significant adverse effect on Plaintiff's credit worthiness and ability to obtain credit.

**ANSWER:** Count VI is not directed at TAC and therefore no answer is required.

203. Despite having actual knowledge that Plaintiff's credit files contained erroneous information, Trans Union readily distributed Plaintiff's inaccurate and misleading credit reports to one or more third parties, thereby misrepresenting facts about Plaintiff and Plaintiff's creditworthiness.

**ANSWER:** Count VI is not directed at TAC and therefore no answer is required.

204. By deviating from the standards established by the credit reporting industry and the FCRA, Trans Union acted with a reckless disregard of its duty to report accurate and complete consumer credit information.

**ANSWER:** Count VI is not directed at TAC and therefore no answer is required.

205. It is Trans Union's regular business practice to blindly report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

**ANSWER:** Count VI is not directed at TAC and therefore no answer is required.

38377819.1

206.   Trans Union's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its mistreatment of Plaintiff.

**ANSWER:**   Count VI is not directed at TAC and therefore no answer is required.

207.   Trans Union has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own convenience above its grave responsibility to report accurate consumer data.

**ANSWER:**   Count VI is not directed at TAC and therefore no answer is required.

208.   As stated above, Plaintiff was significantly harmed by Trans Union's conduct.

**ANSWER:**   Count VI is not directed at TAC and therefore no answer is required.

## COUNT VII- DEFAMATION
### (Against ACB)

209.   Plaintiff restates and realleges the preceding paragraphs as fully set forth herein.

**ANSWER:**   TAC restates and realleges its Answers to the preceding paragraphs as fully set forth herein.

210.   To establish a defamation claim in Illinois, "the evidence must show that defendant made a false statement concerning the plaintiff, that there was an unprivileged publication of the defamatory statement to a third party by the defendant, and that the plaintiff suffered damages as a result." *Giant Screen Sports v. Canadian Imperial Bank of Commerce,* 553 F.3d 527, 532 (7th Cir. 2009).

**ANSWER:**   Count VII is not directed at TAC and therefore no answer is required.

211. Here, ACB defamed Plaintiff by repeatedly making false statements concerning Plaintiff to the CRAs by repeatedly representing that Plaintiff owed the ACB debt and was in default on the same.

**ANSWER:** Count VII is not directed at TAC and therefore no answer is required.

212. Upon information and belief, the false information was published to other unknown parties that will be identified through the discovery process.

**ANSWER:** Count VII is not directed at TAC and therefore no answer is required.

213. ACB's conduct in continuing to represent to third parties that Plaintiff was in default on the ACB account was willful and malicious and was done with an intent to injure Plaintiff.

**ANSWER:** Count VII is not directed at TAC and therefore no answer is required.

214. Specifically, Plaintiff provided ACB with an FTC Identity Theft Report that established that he was a victim of identity theft. Despite having documentation that supported Plaintiff's position that the ACB account was fraudulently opened, ACB continued to falsely report that Plaintiff was liable for the ACB account to the CRAs.

**ANSWER:** Count VII is not directed at TAC and therefore no answer is required.

215. Moreover, ACB was repeatedly notified that the ACB account was fraudulently opened through the dozens of disputes submitted by Plaintiff to the CRAs.

**ANSWER:** Count VII is not directed at TAC and therefore no answer is required.

216. Despite the repeated notices, ACB failed to investigate Plaintiff's disputes and instead continued to maliciously report that Plaintiff is liable for the ACB account in an effort to extort Plaintiff into paying a debt that he did not owe.

**ANSWER:** Count VII is not directed at TAC and therefore no answer is required.

217.    ACB knew that the reporting of the inaccurate information would impede Plaintiff's ability to obtain credit and otherwise damage Plaintiff and used the reporting as leverage to coerce Plaintiff into paying the ACB account in order to regain his creditworthiness.

**ANSWER:**    Count VII is not directed at TAC and therefore no answer is required.

## <u>COUNT VIII-DEFAMATION</u>
### (Against OppLoans)

218.    Plaintiff restates and realleges the preceding paragraphs as fully set forth herein.

**ANSWER:**    TAC restates and realleges its Answers to the preceding paragraphs as fully set forth herein.

219.    To establish a defamation claim in Illinois, "the evidence must show that defendant made a false statement concerning the plaintiff, that there was an unprivileged publication of the defamatory statement to a third party by the defendant, and that the plaintiff suffered damages as a result." *Giant Screen Sports v. Canadian Imperial Bank of Commerce,* 553 F.3d 527, 532 (7th Cir. 2009).

**ANSWER:**    Count VIII is not directed at TAC and therefore no answer is required.

220.    Here, OppLoans defamed Plaintiff by repeatedly making false statements concerning Plaintiff to the CRAs by repeatedly representing that Plaintiff owed the OppLoans debt and was in default on the same.

**ANSWER:**    Count VIII is not directed at TAC and therefore no answer is required.

221.    Upon information and belief, the false information was published to other unknown parties that will be identified through the discovery process.

**ANSWER:**    Count VIII is not directed at TAC and therefore no answer is required.

222.     OppLoans' conduct in continuing to represent to third parties that Plaintiff was in default on the OppLoans account was willful and malicious and was done with an intent to injure Plaintiff.

**ANSWER:**     Count VIII is not directed at TAC and therefore no answer is required.

223.     Specifically, Plaintiff provided OppLoans with an FTC Identity Theft Report that established that he was a victim of identity theft. Despite having documentation that supported Plaintiff's position that the OppLoans account was fraudulently opened, OppLoans continued to falsely report that Plaintiff was liable for the OppLoans account to the CRAs.

**ANSWER:**     Count VIII is not directed at TAC and therefore no answer is required.

224.     Moreover, OppLoans was repeatedly notified that the OppLoans account was fraudulently opened through the dozens of disputes submitted by Plaintiff to the CRAs.

**ANSWER:**     Count VIII is not directed at TAC and therefore no answer is required.

225.     Despite the repeated notices, OppLoans failed to investigate Plaintiff's disputes and instead continued to maliciously report that Plaintiff is liable for the OppLoans account in an effort to extort Plaintiff into paying a debt that he did not owe.

**ANSWER:**     Count VIII is not directed at TAC and therefore no answer is required.

226.     OppLoans knew that the reporting of the inaccurate information would impede Plaintiff's ability to obtain credit and otherwise damage Plaintiff and used the reporting as leverage to coerce Plaintiff into paying the OppLoans account in order to regain his creditworthiness.

**ANSWER:**     Count VIII is not directed at TAC and therefore no answer is required.

38377819.1

## COUNT IX-DEFAMATION
### (Against TAC)

227.    Plaintiff restates and realleges the preceding paragraphs as fully set forth herein.

**ANSWER:**    TAC restates and realleges its Answers to the preceding paragraphs as fully set forth herein.

228.    To establish a defamation claim in Illinois, "the evidence must show that defendant made a false statement concerning the plaintiff, that there was an unprivileged publication of the defamatory statement to a third party by the defendant, and that the plaintiff suffered damages as a result." Giant Screen Sports v. Canadian Imperial Bank of Commerce, 553 F.3d 527, 532 (7th Cir. 2009).

**ANSWER:**    Paragraph 228 states a conclusion of law to which no answer is required. Further answering, TAC denies any implication that it defamed Plaintiff.

229.    Here, TAC defamed Plaintiff by repeatedly making false statements concerning Plaintiff to the CRAs by continually representing that Plaintiff owed the TAC debt and was in default on the same.

**ANSWER:**    TAC denies the allegations in paragraph 229.

230.    Upon information and belief, the false information was published to other unknown parties that will be identified through the discovery process.

**ANSWER:**    TAC denies the allegations in paragraph 230.

231.    TAC's conduct in continuing to represent to third parties that Plaintiff was in default on the TAC account was willful and malicious and was done with an intent to injure Plaintiff.

**ANSWER:**    TAC denies the allegations in paragraph 231.

38377819.1

232.    Specifically, Plaintiff provided TAC with an FTC Identity Theft Report that established that he was a victim of identity theft. Despite having documentation that supported Plaintiff's position that the TAC account was fraudulently opened, TAC continued to falsely report that Plaintiff was liable for the OppLoans account to the CRAs.

**ANSWER:**    TAC denies the allegations in paragraph 232.

233.    Moreover, TAC was repeatedly notified that the TAC account was fraudulently opened through the dozens of disputes submitted by Plaintiff to the CRAs.

**ANSWER:**    TAC denies the allegations in paragraph 233.

234.    Despite the repeated notices, TAC failed to investigate Plaintiff's disputes and instead continued to maliciously report that Plaintiff is liable for the TAC account in an effort to extort Plaintiff into paying a debt that he did not owe.

**ANSWER:**    TAC denies the allegations in paragraph 234.

235.    TAC knew that the reporting of the inaccurate information would impede Plaintiff's ability to obtain credit and otherwise damage Plaintiff and used the reporting as leverage to coerce Plaintiff into paying the TAC account in order to regain his creditworthiness.

**ANSWER:**    TAC denies the allegations in paragraph 235.

## TURNER'S AFFIRMATIVE DEFENSES

By asserting the defenses set forth below, TAC does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses. Nor does TAC admit that Plaintiff is relieved of his burden to prove each and every element of his claims and the damages, if any, to which he is entitled. As for its affirmative defenses, TAC reasserts and reincorporates as if fully set forth herein its responses above to the numbered paragraphs of the Complaint.

38377819.1

## FIRST AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

Plaintiff's claims are barred in whole or in part by the two year statute of limitations contained in 15 U.S.C. § 1681.

## SECOND AFFIRMATIVE DEFENSE
**(Preemption)**

Plaintiff's defamation claim is preempted in whole or in part by the FCRA.

**WHEREFORE**, Defendant, TURNER ACCEPTANCE CORP. denies that Plaintiff is entitled to judgment against it in any amount and requests that judgment be entered in its favor.

Respectfully submitted,

TURNER ACCEPTANCE CORP.

By: *John L. Ropiequet*
   John L. Ropiequet, Esq.

John L. Ropiequet (John.Ropiequet@saul.com) (ARDC# 2376563)
Michael J. Pollock (Michael.pollock@saul.com) (ARDC# 6321886)
**SAUL EWING ARNSTEIN & LEHR LLP**
161 N. Clark Street, Suite 4200
Chicago, Illinois 60601
Tel: (312) 876-7100

38377819.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 21, 2021 a copy of the foregoing was filed using the CM/ECF system, which will effectuate service on all counsel of record.

By: <u>*Michael J. Pollock*</u>
Michael J. Pollock

38377819.1