UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEITH ROBINSON, | |
| Plaintiff, | |
| v. | Case No. 1:21-cv-01130 |
| ATLANTIC CAPITAL BANK, et al., | |
| Defendants. | |

**DEFENDANT ATLANTIC CAPITAL BANK'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
TO DISMISS COUNT VII OF PLAINTIFF'S COMPLAINT**

Defendant, ATLANTIC CAPITAL BANK ("Atlantic"), by and through its undersigned counsel, Kenneth M. Curtin, Adams and Reese LLP, and Diana H. Psarras, Robbins, Salomon & Patt, Ltd., for its Memorandum of Law in Support ("Memorandum") of its Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Count VII of the Complaint ("Motion")[1] of Plaintiff, KEITH ROBINSON ("Plaintiff"), Count VII of Plaintiff's Complaint ("Motion") against Atlantic, and in support thereof states as follows:

**INTRODUCTION**

On February 26, 2021, Plaintiff filed a Complaint against Atlantic alleging claims for: (1) an alleged violation of the Fair Credit Reporting Act ("FCRA") (Count I); and, (2) defamation (Count VII). (Doc. 1). Specifically, Plaintiff alleges that, in 2016, he discovered "unusual activity

---

[1] Atlantic reserves its right to respond to Plaintiff's remaining claim in Count I against Atlantic pursuant to, and in accordance with, Fed. R. Civ. P. 12(a)(4). A partial 12(b) motion extends the time to answer all counts of the complaint and not merely those which were subject to the motion. *Oil Exp. Nat., Inc. v. D'Alessandro*, 1997 WL 160753, 1-2 (N.D. Ill. 1997).

1

and inaccurate information on his credit reports" related to accounts that he purportedly never opened with Atlantic, Opportunity Financial, LLC, and Turner Acceptance Corp. (Doc. 1, Compl. ¶¶ 13-17). Plaintiff claims he submitted credit disputes to the credit reporting agencies ("CRAs") between 2016 and October 2020, and that Atlantic purportedly "verified" the alleged inaccurate information and continued to report the subject account (the "Account"). (*Id*. at ¶ 18 -30.) Plaintiff alleges that Atlantic failed to conduct a reasonable investigation under the FCRA and made false statements to the CRAs concerning the Account. (*See generally Id.*) However, Plaintiff has failed to state a claim for defamation upon which relief can be granted because the claim is preempted by the FCRA and otherwise barred by the statute of limitations. Accordingly, Plaintiff's Count VII should be dismissed with prejudice.

## ARGUMENT

### I. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff's pleading to "contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has stated that a plaintiff must submit "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under Rule 12(b)(6), in order to survive a motion to dismiss, a complainant must state a plausible claim for relief. *Iqbal*, 556 U.S. at 679 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Dismissal is appropriate when a plaintiff's allegations fail to set forth facts which, if true, would entitle the complainant to relief. *Iqbal*, 556 U.S. at 662. The complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## II. Plaintiff's Claim in Count VII Should be Dismissed For Failure to State a Claim Because it is Preempted by the FCRA

In Count VII of his Complaint, Plaintiff asserts a claim for defamation against Atlantic. (Doc.1). Specifically, Plaintiff claims that Atlantic defamed Plaintiff by "repeatedly making false statements concerning Plaintiff to the CRAs by repeatedly representing that Plaintiff owed the [Atlantic] debt and was in default on the same." (Doc. 1, Compl. ¶ 206). Atlantic denies Plaintiff's allegations. Nonetheless even if the allegations were true, Plaintiff's claim for defamation is entirely preempted by the FCRA and thus should be dismissed with prejudice.

Section 1681t(b) provides in pertinent part that "No requirement or prohibition may be imposed under the laws of any State ... with respect to any subject matter regulated under ... section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies...." 15 U.S.C. § 1681t(b). As such, the FCRA preempts all state-law claims "relating to the responsibilities of persons who furnish information to consumer reporting agencies." *Thompson v. Transunion Data Sols., LLC*, No. 20-CV-04207, 2021 WL 1923409, at *2 (N.D. Ill. May 13, 2021) (finding that because plaintiff's claim related to the furnisher's responsibilities, it was preempted by the FCRA pursuant to 15 U.S.C. § 1681t(b)(1)(F)) (citing *Purcell v. Bank of America*, 659 F.3d 622 (7th Cir. 2011) (holding that the FCRA preempts all state law claims, including defamation, invasion of privacy, and negligence in reporting information to consumer reporting agencies); *Aleshire v. Harris, N.A.*, 586 F. App'x 668, 670 (7th Cir. 2013) (finding that plaintiff's state law tort claims were preempted by the FCRA); *Schneider v. Regions Bank*, No. 12-CV-0574-MJR-SCW, 2012 WL 3646270, at *4 (S.D. Ill. Aug. 23, 2012) (dismissing plaintiff's claims against furnisher with prejudice for failure to state a claim because claims concerning the furnishing of information to credit reporting agencies were preempted by the

3

FCRA); *Causay v. Wells Fargo Bank, N.A.,* No. 16-CV-7398, 2016 WL 7188167, at *4 (N.D. Ill. Dec. 12, 2016) (dismissing plaintiff's defamation claim with prejudice because it related to the furnisher's reporting of inaccurate information to the CRAs, which was preempted by the FCRA). Although there are exceptions, such exceptions are not applicable here. *See* 15 U.S.C. § 1681t(b)(1)(F).

Here, Plaintiff's defamation claim clearly relates to information furnished by Atlantic concerning his Account to the CRAs and is thus regulated under Section 1681s-2. Accordingly, Plaintiff's defamation claim is preempted by the FCRA and should be dismissed with prejudice.

**III.    Plaintiff's Defamation Claim in Count VII Should Be Dismissed as it is Barred by the Statute of Limitations**

Plaintiff's defamation claim against Atlantic in Count VII of the Complaint should also be dismissed as it is barred by the statute of limitations. Specifically, Plaintiff alleges that he discovered "unusual activity and inaccurate information on his credit reports" in 2016 related to accounts that he purportedly never opened with Atlantic, Opportunity Financial, LLC, and Turner Acceptance Corp. (Doc. 1, Compl. ¶¶ 13-17).

Under Illinois law, the statute of limitation for a defamation claim is one year, which begins to run at the time a consumer knew or should have known of the alleged defamatory or false report. *Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918, 932 (N.D. Ill. June 8, 2000) (finding one plaintiff's defamation claim concerning information on his credit report as time-barred); *Hukic v. Aurora Loan Services,* 588 F.3d 420, 426-27 (7th Cir. 2009). Even though Plaintiff alleges violations within the one-year period (through 2020), the "continuing violation rule" does not apply. *Hukic*, 588 F.3d at 436 (dismissing plaintiff's defamation claim and refusing to apply the continuing violation rule where plaintiff's complaint alleged that defendant continued to make false statements to consumer reporting agencies, including within the one-year period before filing

4

the complaint).

Here, Plaintiff alleges that he discovered the alleged inaccurate information on his credit report in 2016 and began submitting credit disputes, yet, he waited more than four (4) years to bring this claim. As such, Plaintiff's defamation claim is barred by the statute of limitations and should be dismissed with prejudice.

## **CONCLUSION**

Accordingly, Count VII of Plaintiff's Complaint should be dismissed with prejudice for failure to state a claim because Plaintiff's defamation claim is: (1) preempted by the FCRA, and (2) time-barred by the statute of limitations as it was brought more than one year after Plaintiff discovered the alleged inaccuracies in his credit report.

WHEREFORE, Defendant ATLANTIC CAPITAL BANK respectfully requests this Court grant its Motion to Dismiss Count VII of Plaintiff's Complaint, and for other such relief this Court deems just and proper.

Respectfully,

*/s/ Kenneth M. Curtin*
Kenneth M. Curtin
Illinois Bar No. 6326178
Primary: Kenneth.Curtin@arlaw.com
Secondary: Teresa.Soluri@arlaw.com
ADAMS AND REESE LLP
101 East Kennedy Blvd, Suite 4000
Tampa, Florida 33602
(813) 402-2880 (Telephone)
(813) 402-2887 (Facsimile)

Diana H. Psarras (ARDC No. 6283780)
ROBBINS, SALOMON & PATT, LTD.
180 North LaSalle Street, Suite 3300
Chicago, Illinois 60601
(312) 782-9000
Fax (312) 782-6690
dpsarras@rsplaw.com
*Counsel for Atlantic Capital Bank*

5